UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE ELSON,

       Plaintiff,                               Case No. 11-14100
                                                  Hon. Gerald E. Rosen

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, Trustee, Argent Securities
Inc., AMERICAN HOME MORTGAGE
SERVICING, INC., ARGENT MORTGAGE
COMPANY, LLC, Person who bought property
"JOHN DOE,"

       Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS DEUTSCHE BANK AND
AMERICAN HOME MORTGAGE SERVICINGS' MOTION TO DISMISS**

                      At a session of said Court, held in
                      the U.S. Courthouse, Detroit, Michigan
                      on _____ May 25, 2012 _____

                      PRESENT:   Honorable Gerald E. Rosen
                                         Chief Judge, United States District Court

## INTRODUCTION

      This matter is presently before the Court on the Fed. R Civ. P. 12(b)(6) Motion to

Dismiss filed by Defendants Deutsche Bank National Trust Company and American Home

1

Mortgage Company.[1]    Plaintiff Darlene Elson, proceeding *pro se*, has responded.    Having reviewed the parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary.    Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs.    This Opinion and Order sets forth the Court's ruling.

## FACTUAL BACKGROUND

On March 9, 2006, Plaintiff Darlene Elson borrowed $196,000.00 from Argent Mortgage Company, LLC ("Argent").    To secure her indebtedness, Plaintiff executed a mortgage in favor of Argent on real property located at 23756 Philip Drive in Southfield, Michigan.    Effective February 11, 2009, Argent, through its attorney-in-fact, Citi Residential Lending, Inc., assigned the mortgage to Defendant Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5, under the Pooling and Servicing Agreement Dated May 1, 2006.    On October 29, 2010, the mortgage was assigned to Deutsche Bank National Trust Company, Trustee for Argent Securities, Inc. ("DBNTC").

Plaintiff defaulted on the mortgage and, as a consequence, DBNTC foreclosed on the property by advertisement, pursuant to Michigan law.    On March 8, 2011, the property was sold at a sheriff's sale to DBNTC for $48,750.00.    A sheriff's deed was executed and recorded, along with the sheriff's affidavit of the sale.    The sheriff's affidavit noted that the six-month redemption period provided under M.C.L. § 600.3240(8) would end on September 8, 2011.

On August 23, 2011, shortly before the redemption period expired, Plaintiff instituted this action in Oakland County Circuit Court.    Defendants DBNTC and American Home Mortgage

---

[1]   The only other named Defendant, Argent Mortgage Company, LLC, was never served and the summons expired on November 22, 2011.  Accordingly, an Order has been issued directing Plaintiff to show cause why Argent should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

Servicing, Inc. ("AHMS") removed the case to this Court on September 20, 2011 on both federal question and diversity of citizenship grounds.

In her Complaint, Plaintiff makes various allegations regarding the mortgage loan origination and the procedures involved in the foreclosure process. In Count I, which is captioned "Breach of Contract," Plaintiff alleges that Defendants DBNTC and Argent Mortgage Company, LLC failed to provide her with foreclosure-related notices as required by the mortgage agreement.

Although titled "Gross Negligence," in Count II Plaintiff alleges a claim of breach of duty to act in good faith and fair dealing. Count III contains further allegations that Defendants breached the implied contractual duty of good faith and fair dealing. In Count IV, Plaintiff alleges that the foreclosure sale was wrongful because she did not receive a notice of the pending foreclosure. There is no Count V in the Complaint.

Counts VI and VII are captioned "Abuse of Process and Malicious Prosecution." However no process nor prosecution are pled. Rather, in these Counts, Plaintiff alleges that Defendants' conduct during the loan origination violated the Truth-In-Lending-Act ("TILA"). In Count IX [the Complaint does not have a Count VIII], Plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA").

In Counts X-XIII, captioned "Fraudulent Concealment, Fraudulent Misrepresentation, Negligent Misrepresentation," Plaintiff asserts that Defendants made a variety of misrepresentations during the loan closing. In Count XIV Plaintiff claims that Defendants conspired to commit the fraud alleged in Counts X-XIII. Finally, in Count XV, Plaintiff claims that she is entitled to relief under the Racketeer Influenced and Corrupt Organization Act

("RICO") because Defendants used the interstate mail and wire systems to commit the fraud alleged in Counts X-XIII.

## APPLICABLE STANDARDS

Fed. R. Civ. P. 12[b](6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted …"  In evaluating a Rule 12[b](6) motion, the Court must view the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  However, a plaintiff's factual allegations must rise above the speculative level and be more than legal conclusions or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  This standard of pleading does not require "pleading of specifics, but only enough to state a claim for relief that is plausible on its face." *Twombly* at 570; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Under *Iqbal*, this Court must consider the plausibility of pleaded facts before making a determination as to whether those facts, if true, give rise to a cause of action.  *Iqbal*, 129 S. Ct. at 1949.  As such, a complaint must surpass the realm of mere possibility and into that of plausibility.  *Id.*  Accordingly, the Court may consider surrounding context to distinguish plausible claims from possible claims.  *Id.*

If in a Rule 12[b](6) motion, matters outside of the pleadings are presented to the court, under Rule 12(d), the motion must be treated as a Rule 56 motion for summary judgment. However, documents attached to a motion to dismiss that are referred to in the complaint and central to the claims are deemed to form part of the pleadings.  *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir.

4

2001).  Further, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007).

In the present case, Defendants have attached to their motion copies of the mortgage, assignments of the mortgage, and the sheriff's deed and attachments thereto, all of which have been duly recorded with the Oakland County Register of Deeds.  All of these documents, and the information within, are referenced in the Plaintiff's Complaint, and are central to Plaintiff's claims.  These exhibits, therefore, may be deemed to form part of the original Complaint and, accordingly, may be considered in deciding Defendants' Rule 12(b)(6) motion without converting it to a Rule 56 motion.  *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

## DISCUSSION

### A. PLAINTIFF LACKS STANDING TO CONTEST THE FORECLOSURE SALE.

The Bank Defendants assert that Plaintiff lacks standing and no longer has an interest in the Property, which is required to challenge foreclosure proceedings, including the sheriff's sale. The Court agrees.  Once the redemption period following the foreclosure of a property expired, Plaintiff's rights in, and title to, the property were extinguished, and she lost all standing to bring claims with respect to the property. This principle is well established in Michigan law.

In *Piotrowski v. State Land Office Board,* 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court held that the mortgagors in that case had "lost all their rights, title, and interest in and to the property at the expiration of their right of redemption." *Id.* 302 Mich. at 185, 4 N.W.2d at 516. The *Piotrowski* standard has been consistently applied by Michigan state and federal courts to bar former owners from making any claims with respect to foreclosed

5

property after the end of the redemption period. *See e.g., Stein v. U.S. Bancorp,* 2011 WL 740537 (E.D.Mich. Feb.24, 2011); *Overton v. Mortg. Elec. Registration Sys.,* 2009 WL 1507342 (Mich.App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank,* 2010 WL 4386974, *2 (E.D.Mich., Oct.29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.,* 2010 WL 5173830 (E.D.Mich. Dec.15, 2010) (dismissing action seeking a declaratory judgment voiding foreclosure proceedings).

Here, the redemption period expired on September 8, 2011.  Plaintiff has not alleged or pled any facts that indicate that she timely attempted to redeem the property.  Because Plaintiff failed to redeem the property before the redemption period expired, DBNTC became vested with "all right, title and interest" in the property by operation of law.  At that point, Plaintiff, the former owner, lost standing to assert claims with respect to the property.  *Overton v. Mortgage Electronic Registration Sys., Inc., supra*; *Kama v. Wells Fargo Bank*, *supra*.

This outcome is not altered by Plaintiff's filing of this lawsuit on August 23, 2011, two weeks before the expiration of the redemption period.  *Overton, supra*, 2009 WL 1507342 at * 1 (holding that the plaintiff's filing of his lawsuit one month before the expiration of the redemption period did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings).  As the Michigan Court of Appeals explained in *Overton*:

> Plaintiff's suit did not toll the redemption period.  Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property.  Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began.  Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption

sale.  Although he filed his suit before the redemption period expired, that was
insufficient to toll the redemption period.  The law in Michigan does not allow an
equitable extension of the period to redeem from a statutory foreclosure sale in
connection with a mortgage foreclosed by advertisement and posting of notice in
the absence of a clear showing of fraud or irregularity.

*Id.* (citations omitted).  *See also Moriarity v. BNC Mortgage, Inc.,* 2010 WL 5173830 at * 2

(E.D. Mich., Dec. 15, 2010) (suit filed one month before the expiration of the redemption period

expired, same); *Napso v. Wells Fargo Bank, N.A.*, 2011 WL 1575372 (E.D. Mich, Apr. 26, 2011)

(suit filed one day before the redemption period expired, same); *Mitan v. Federal Home Loan*

*Mtg. Corp.*, 2011 WL 4837502 at * 2(E.D. Mich., Sept. 22, 2011) (suit filed two weeks prior to

expiration of the redemption period, same); *Galati v. Wells Fargo Bank*, 2011 WL 5178276 at **

3-4 (E.D. Mich., Nov. 1, 2011) (suit filed three weeks before the expiration of the redemption

period, same); *Gendiar v. BAC Home Loans Servicing, L.P.*, 2012 WL 130139 (E.D. Mich., Jan.

17, 2012) (suit filed on day that redemption period expired, same); *Dingeman v. OneWest Bank*

*FSB*, 2012 WL 884357 at ** 3-4 (E.D. Mich., Mar. 14, 2012) (plaintiffs' suit filed four days

before the expiration of the redemption period did not toll the redemption period and plaintiffs'

failure to redeem prior to the expiration of the period terminated their standing to assert defects

in the foreclosure proceedings and/or the sheriff's sale).

      In short, once the redemption period expired on August 23, 2011, Plaintiff lost standing

to maintain any action to quiet title or to assert any defect in the foreclosure proceedings.

      While the redemption period can be tolled, "[t]he law in Michigan does not allow an

equitable extension of the period to redeem from a statutory foreclosure sale in connection with a

mortgage foreclosed by advertisement in the absence of a clear showing of fraud or irregularity."

*Schulthies v. Barron,* 16 Mich.App. 246, 247–48, 167 N.W.2d 656 (2007); *see also Sweet Air*

*Investment, Inc., v. Kenney,* 275 Mich.App. 492, 497, 729 N.W.2d 656 (2007) ("The Michigan

7

Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id., quoting United States v. Garno,* 974 F.Supp. 628, 633 (E.D.Mich., 1997), (citing *Detroit Trust Co. v. Agozzinio,* 280 Mich. 402, 405–406, 273 N.W. 747 (1937), and *Calaveras Timber Co. v. Michigan Trust Co.,* 278 Mich. 445, 450, 270 N.W. 743 (1936)).)

Furthermore, filing an action challenging the validity of the foreclosure sale is insufficient to toll the redemption period. *Overton v. Mortg. Elec. Registration Sys.,* 2009 WL 1507342, *1; *see also Dingman v. OneWest Bank,* 2012 WL 884357, *4 (E.D.Mich, March 14, 2012); *Galati v. Wells Fargo Bank,* 2011 WL 5178276, *3-4 (E.D.Mich, Nov. 1, 2011); *Nafso v. Wells Fargo Bank,* 2011 WL 155372 (E.D.Mich., April 26, 2011). Plaintiff filed this action on August 23, 2011, however, the redemption period expired on September 8, 2011. Plaintiff has not alleged or pled any facts that indicate that she timely attempted to redeem the property. Thus, unless Plaintiff can make a "clear showing" of fraud or irregularity, no equitable extension of the redemption period is permitted and Plaintiff will lack the necessary standing to challenge the validity of the foreclosure.

In order to establish a claim for fraud or misrepresentation under Michigan law, a plaintiff must demonstrate that:

(1) the defendant made a material misrepresentation;

(2) it was false;

(3) when the defendant made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion;

(4) he made it with the intention that it should be acted upon by the plaintiff;

(5) the plaintiff acted in reliance upon the false misrepresentation; and

8

(6) the plaintiff thereby suffered injury.

*Aerospace America, Inc. v. Abatement Technologies, Inc.,* 738 F.Supp. 1061, 1068 (E.D.Mich.1990) (citing *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 247 N.W.2d 813, 816 (1976)). Each of the above elements must be established by the plaintiff by clear, satisfactory and convincing evidence. *Id.; Youngs v. Tuttle Hill Corp.,* 373 Mich. 145, 147, 128 N.W.2d 472 (1964); *Hi-Way Motor Co. supra,* 398 Mich. at 336, 247 N.W.2d 813. Further, all of the elements must be found to exist; the absence of any one of them is fatal to recovery. *Hi-Way Motor Co, supra.* Plaintiff's bare allegations that Defendants failed to send her the notices referenced in the mortgage contract and failed to comply with the requirements of M.C.L. § 600.3204, *et seq.,* do not come close to making the required strong showing of fraud.

Further, even if Plaintiff could make a showing that the foreclosure sale was somehow defective, she would not be able to set aside the sheriff's deed. In Michigan "a defect in notice renders a foreclosure sale voidable and not void." *Jackson Investment Corp. v. Pittsfield Prods. Inc.,* 162 Mich.App. 750, 756, 413 N.W.2d 99 (1987). The intent of the court's ruling in *Jackson Investment* was to give security to the title for real property and allow for an examination of whether any harm was caused by the defect. *Id.* Thus, a sheriff's sale should not automatically be nullified without first examining the harm suffered by the mortgagor or the interests of intervening third parties. *Id.* In a case where "the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property," this is especially true. *Id. See also Sweet Air Investment, Inc. v. Kenney, supra,* 275 Mich.App. at 503, 739 N.W.2d 656 (holding that a defect in the foreclosure notice was insufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice). In *Sweet Air*, the defendant property-owners waited until the plaintiff

9

instituted eviction proceedings against them to challenge the foreclosure sale. *Sweet Air,* 275 Mich.App. at 503, 739 N.W.2d 656. The defendants made no effort to timely challenge the validity of the foreclosure sale or to redeem the property within the redemption period. *Id.* Based on those facts, the court concluded that no prejudice had been shown. *Id.*

In the case at bar, Plaintiff cannot show that she was prejudiced from any alleged defect in the notice.  Plaintiff admits that she received a notice of default and that she was aware that she had fallen behind on her mortgage payments.  Compl. ¶ 29.  Plaintiff has not pled facts nor has she presented any evidence that the alleged defect in notice (1) prevented her from making a bid at the sale; (2) that she had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan; or (3) that she attempted to redeem the property during the redemption period.   Indeed, Plaintiff does not indicate how the alleged defects in the mortgage process prejudiced her. Instead, she simply alleges that the foreclosure occurred as a proximate result of the failure to provide the required documents.  Because Plaintiff has failed to show that there existed a strong case of fraud or irregularity, Plaintiff lacks standing to challenge any alleged defects in the foreclosure.

## B.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT OR WRONGFUL FORECLOSURE

In Count I, Plaintiff alleges a claim of breach of contract predicated upon Defendants alleged failure to provide her with certain notices.  Similarly, in Count IV, Plaintiff complains that she did not receive the notice of the invocation of the power of foreclosure as required under MCL § 600.3208.

Pursuant to her mortgage agreement, Plaintiff was entitled to receive a notice of the default that specifies the action required to cure, a date by which the default must be cured, and

10

that failure to cure the default may result in acceleration.  *See* Compl. ¶¶ 33, 42; Mortgage Agreement, Defendants' Ex. A, ¶ 22.   The mortgage agreement also requires the Lender give notice to the mortgagor in the event that it decides to invoke the power of sale.  Defendants' Ex. A, ¶ 22.

Although within Count I in ¶¶ 42-43, Plaintiff claims that she never received any notices from the Defendants, in an earlier section of the Complaint, Plaintiff admits that she received a notice of default at some point in 2010.  Compl. ¶ 29.  Plaintiff's allegations are not only contradicted by her own statements, they are further undermined by the documentation attached to, and recorded with, the sheriff's deed.  This documentation includes an affidavit of an employee of Potestivo & Associates P.C. (counsel for DBNTC's mortgage servicer) stating that she sent the notice of default to the Plaintiff on October 8, 2010.  Def. Ex. D p. 3.   The documentation also includes an affidavit of posting, which evidences that the foreclosure sale notice was affixed in a conspicuous place upon Plaintiff's premises.  Def. Ex. D p. 3   p. 5.  In light of this documentary evidence, the Court finds that Plaintiff's Complaint fails to state a plausible claim of breach of contract or wrongful disclosure based on the alleged failure of Defendants to provide her with notices of default or of the foreclosure sale.  Therefore, Counts I and IV must be dismissed under the standard outlined in *Iqbal.*

## C.   PLAINTIFF CANNOT RECOVER FOR A BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

In Count II and III of her Complaint, Plaintiff alleges that Defendants were obligated to act with good faith and to deal fairly with Plaintiff.[2]  Assuming that Plaintiff has pled facts

---

[2] Although Count II is captioned "Gross Negligence," the only "negligence" alleged is that Defendants "intentionally failed to perform their duties to act in good faith and fair dealing." Compl. ¶ 53.

11

sufficient to give rise to a claim for breach of an implied duty of good faith and fair dealing, no such cause of action is cognizable under Michigan law. *See Fodale v. Waste Management of Michigan, Inc.*, 271 Mich. App. 11, 718 N.W.2d 827 (2006) (citing *Belle Isle Grill Corp. v. Detroit*, 256 Mich.App. 463, 476, 666 N.W.2d 271 (2003)) (holding that Michigan law "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing.")[3]

## D.  PLAINTIFF'S TILA AND RESPA CLAIMS ARE TIME BARRED

While Counts VI and VII are titled "Abuse of Process and Malicious Prosecution," Plaintiff alleges in these counts only that Defendant Argent Mortgage Company violated the Truth-in-Lending Act ("TILA") in making certain representations to her at the mortgage loan closing, and Defendant DBNTC acted in concert with Argent.  In Count IX, Plaintiff claims that Defendants violated the Real Estate Settlement Procedures Act ("RESPA").  Claims for damages under TILA and RESPA are subject to the statutes of limitations set forth in 15 U.S.C. § 1640 and 12 U.S.C. § 2614.

1. Plaintiff's TILA Claim is Time Barred by a 1-year Statute of Limitations and a 3-year Statute of Repose.

15 U.S.C. § 1640(e) provides, "any action under this section may be brought. . . within one year from the date of the occurrence of the violation."  In the present case, Plaintiff's claims for damages are based on alleged wrong doings that occurred before or at the closing of the

---

[3] Even if Michigan did recognize an implied duty of good faith and fair dealing, Plaintiff has not pled sufficient facts to warrant relief under that doctrine.  Plaintiff simply states that Defendant Deutsche Bank acted in bad faith when it foreclosed on her property, but provides no factual basis for that assertion.  Plaintiff also alleges that the assignment of the mortgage to Defendant Deutsche Bank was improper.  While the standard outlined in *Twombly* does not require Plaintiff to outline specific facts, Plaintiff must include facts that are "enough to state a claim for relief that is plausible on its face."  *Twombly* at 570.  Here, Plaintiff has failed to meet the minimum requirement.

mortgage on March 9, 2006.  In order to bring claims under TILA, Plaintiff would have had to have initiated this action by March 9, 2007.  However, Plaintiff did not file her Complaint until August 26, 2011 -- more than five years after the closing of the loan.  As such, Plaintiff's TILA claims are time-barred.

When fraudulent concealment is established the TILA statute of limitations is subject to equitable tolling.  *Mills v. Equicredit Corp.,* 294 F.Supp.2d 903, 908 (E.D.Mich.2003), aff'd, 172 Fed. Appx 652 (6th Cir.2006); *Jones v. TransOhio Savs. Ass'n.,* 747 F.2d 1037, 1041 (6th Cir.1984).  To establish fraudulent concealment a plaintiff must show that "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence."  *Mills,* 294 F.Supp.2d at 908; *see also Jarrett v. Kassel,* 972 F.2d 1415, 1423 (6th Cir.1992), *cert. denied,* 507 U.S. 916, 113 S.Ct. 1272, 122 L.Ed.2d 667 (1993).

Plaintiff accuses Defendants of concealing facts that would have led her to discover this cause of action.  However, Plaintiff's allegation is conclusory as she pleads no facts support her claim.  Such conclusory allegations cannot provide a basis for equitable tolling.  *See e.g. In re Community Bank of Northern Virginia,* 467 F.Supp.2d 466, 479 (W.D.Pa.2006) (holding that a plaintiff must plead facts showing that a defendant actively sought to mislead the borrowers in order to lull them into failing to make a claim under TILA).  Moreover, Plaintiff has not demonstrated that, despite exercising due diligence, the cause of action could not have been discovered.  Therefore, Plaintiff's TILA claims are time barred by the statute of limitations.

TILA claims are also subject to a three-year statute of repose.  Statutes of repose limit the time in which an action can be brought, regardless of whether the injury has occurred or has been discovered.  Pursuant to 15 U.S.C. § 1635(f), "An obligor's right of rescission shall expire three

13

years after the date of consummation of the transaction [.]"  Thus, any action under TILA that seeks a rescission of the loan agreement must be brought within three years of the loan closing. In the present case, Plaintiff did not file her complaint until August 26, 2011, but the closing occurred on March 9, 2006.  More than five years passed between the closing of the loan and the filing of the instant action.  Unlike the statute of limitations, tolling principles do not apply to statutes of repose because they are meant to serve as a cut-off.  *See Lampf v. Gilbertson*, 501 U.S. 550, 363, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).  Thus, even if Plaintiff had established concealment sufficient to toll the statute of limitations, TILA's statute of repose bars Plaintiff from rescinding the loan transaction.

2.  <u>Plaintiff's RESPA Claims are not Actionable and are Barred by 1- and 3-year Statutes of Limitations</u>

In her Complaint, Plaintiff does not specify which provisions of RESPA Defendants allegedly violated.  Instead she cites two instances of alleged wrongdoing.  In the first instance she accuses the Defendants of failing to provide her with a "good faith estimate."  In this regard, Plaintiff appears to be relying on Section 2604 of RESPA which requires lenders to provide borrowers with a special information booklet that includes "a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement. . . ."  Even assuming arguendo that Defendants failed to provide such an estimate, Plaintiff is not entitled to recovery because there is no private right of action under Section 2604.  *See, e.g. Marshall-Ford v. Wells Fargo Mortgage,* 2009 WL 2849524 (E.D. Mich. Aug. 31, 2009); *Koczara v. IndyMac Bank*, 2011 WL 379422 (E.D. Mich. Feb. 3, 2011); *Carr v. Home Tech Co., Inc.,* 476 F.Supp.2d 859, 869 (W.D.Tenn. 2007); *see also Collins v. FMHA-USDA,* 105 F.3d 1366, 1367-68 (11th Cir.1997).

14

Plaintiff also complains that Defendant Argent Mortgage Company held a pre-sold loan for Defendant DBNTC.  Plaintiff has not provided any factual basis for her accusation that the loan was pre-sold.  As such, the alleged pre-sold loan lies in the realm of what is possible, not what is probable as required by Federal Rule of Civil Procedure 8(a)(2).  *See Iqbal*, 129 S. Ct. at 1949.   Moreover, Plaintiff has not established how such a pre-sold loan would violate RESPA.  Thus, with respect to the pre-sold loan, Plaintiff has not stated a claim upon which relief can be granted.

RESPA further requires that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614.  Section 2605 addresses the requirements of disclosures, while section 2607 covers fee splitting arrangements.  Courts have held that the one- and three-year limitation periods begin to run on the date of the closing of the mortgage loan.  *See e.g., Snow v. First American Title Ins. Co.,* 332 F.3d 356, 359–60 (5th Cir.2003); *Vatomanyuk v. Quality Loan Service Corp. of Wash.,* 699 F.Supp.2d 1242. 1244 (W.D.Wash.2010); *Palmer v. Homecomings Financial LLC,* 677 F.Supp.2d 233, 237 (D.D.C.2010); *Kamara v. Columbia Home Loans, LLC,* 654 F.Supp.2d 259, 265 (E.D.Pa.2009); *Poskin v. TD Banknorth,* 687 F.Supp.2d 530, 550–53 (W.D.Pa.2009).

 Both of the allegations that give rise to Plaintiff's RESPA claims would have occurred at the time of the closing of the mortgage on March 9, 2006.  As this action was filed on August 23, 2011, more than five years after the closing, even if Plaintiff had a right of action under RESPA

for the violations alleged in her Complaint, any such claim would be barred by RESPA's three-year statute of limitations.[4] *Marshall-Ford v. Wells Fargo Mortgage,* 2009 WL 2849524 at *3.

As such, the claims Plaintiff brings under RESPA are time-barred, unless equitable tolling applies. The Sixth Circuit has not officially addressed whether equitable tolling applies to RESPA. However, it has recognized that many district courts have found tolling applicable. *See Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 421 n. 10 (6th Cir.2009) (collecting cases). A majority of the district courts have held that equitable tolling applies to RESPA claims for the 1– and 3–year statutes of limitations. *See, e.g., Minter v. Wells Fargo Bank, N.A.,* 675 F.Supp.2d 591, 594–95 (D.Md.2009); *Blaylock v. First American Title Ins. Co.,* 504 F.Supp.2d 1091, 1107 (W.D.Wash.2007); *Mullinax v. Radian Guaranty Inc.,* 199 F.Supp.2d 311, 328 (M.D.N.C.2002); *Pedraza v. United Guaranty Corp.,* 114 F.Supp.2d 1347, 1353 (N.D.Ga.2000); *Kerby v. Mortgage Funding Corp.,* 992 F.Supp. 787, 793–96 (D.Md.1998); *Moll v. U.S. Life Title Ins. Co. of N.Y.,* 700 F.Supp. 1284, 1286–89 (S.D.N.Y.1988). Additionally, as noted above, the Sixth Circuit has applied equitable tolling to the TILA. *See Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1041 (6th Cir.1984). Therefore, for purposes of Defendant's motion, the Court will assume that equitable tolling applies to RESPA, as well.

The Sixth Circuit has outlined five factors that are relevant when determining whether to toll a statute of limitations. These are: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of

---

[4] Only Sections 2605(f), 2607(d)(2), 2607(d)(5), and 2608(b) provide private civil remedies for violations of certain provisions.  As such, only those sections are referenced in RESPA's statute of limitations.  *See* 12 U.S.C. 2614.  If the Court were to imply a private right of action for Section 2604 or for the pre-sold loan, the Court would also have to imply a statute of limitations for those actions.

16

the particular legal requirement. *Truitt v. Cnty. of Wayne,* 148 F.3d 644, 648 (6th Cir.1998). Additionally, as the Sixth Circuit noted in *Egerer v. Woodland Realty, supra,* in order to establish equitable tolling by the doctrine of fraudulent concealment, the plaintiff must allege and establish that: (1) defendants concealed the conduct that constitutes the cause of action; (2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and (3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action. *Egerer,* 556 F.3d at 422. Plaintiff has failed to allege any facts that would establish entitlement to equitable tolling under either framework.

### E. PLAINTIFF'S FRAUD-BASED CLAIMS MUST BE DISMISSED FOR FAILURE TO PLEAD WITH PARTICULARITY

Michigan law comports with the requisites of Fed.R.Civ.P. 9 with regard to pleading special matters. *See* MCR 2.112. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[5] Though Fed.R.Civ.P. 8 requires only "a short, plain statement of the claim," the Sixth Circuit has instructed that when fraud is alleged, Rule 8 is to be read in conjunction with Rule 9. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 501 F.3d 493 (6th Cir. 2007)*.* The Sixth Circuit has further interpreted Rule 9(b) to require that a plaintiff allege (1) "the time, place, and content of the alleged misrepresentation," (2) "the fraudulent scheme," (3) the defendant's fraudulent intent, and (4) the resulting injury. *Id.*

As detailed by Defendants in their brief, Plaintiff's Complaint contains insufficient factual allegations to satisfy these particularity standards and demonstrates that Plaintiff has failed to state a claim of fraud. Specifically, all of Plaintiff's claims of fraud and

---

[5] MCR 2.112(B)(1) similarly requires that "[i]n allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity."

misrepresentation are alleged "upon information and belief."  Complaint ¶¶ 20-23.[6]  While a plaintiff may allege fraud upon information and belief when the evidentiary support for such allegations is solely within the other party's control, such allegations "must be accompanied by a statement of facts upon which the belief is founded."  *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1127 (W.D. Mich. 1996), *see also City of Pontiac Gen. Employees' Ret. Sys. v. Stryker Corp.*, 2011 WL 2650717 (W.D. Mich. July 6, 2011).  Here, Plaintiff has included no facts upon which her allegations of fraud are founded.  Bare allegations do not meet the heightened requirements of Rule 9.  In fact, they do not even meet the more relaxed requirements of Rule 8.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ("The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully").  Because part of purpose of the heightened pleading standard of Rule 9 is to prevent the "fishing expedition" that Plaintiff appears to be seeking, her claim of fraud must be dismissed for failure to state a claim.  *United States ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 501 F.3d 493, 503 n. 11 (6th Cir. 2007).

In the alternative, Plaintiff also alleges that Defendants negligently misrepresented her eligibility for the loan.  Notwithstanding that the present Defendants were not involved in the loan origination process, in order to state a claim for negligent misrepresentation under Michigan law, Plaintiff must prove that "[s]he justifiably relied to h[er] detriment on information prepared without reasonable care by one who owed the relying party [i.e., the Plaintiff] a duty of care."  *Fejedelem v. Kasco*, 269 Mich.App. 499, 502, 711 N.W.2d 436, 437 (2006) (internal quotations

---

[6] These allegations include that Plaintiff's income did not qualify her for a loan, that she would be unable to afford the loan when the interest rate was adjusted, that the Defendants knew she would not be able to afford it, and that the loan was "pre-sold" to Deutsche Bank National Trust Company.  No facts are alleged to show why the present Defendants – who were not involved in the loan origination -- should suspects these allegations to be true.

omitted).  The elements of negligent misrepresentation are: "(1) a material misrepresentation by the defendant; (2) the representation was unintentionally false; (3) the representation is made in connection with the contracts formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff acted in reliance on the defendants misrepresentation; (6) resulting damages to the plaintiff; and (7) the plaintiff's damages inured to the defendant's benefit."  *Sipes v. Kinetra, LLC,* 137 F.Supp.2d 901, 910 (E.D.Mich. 2001).

Plaintiff has failed to state a claim for negligent misrepresentation because, according to Michigan law, a lender does not owe a duty of care to a loan applicant to ensure his or her eligibility for the loan.  *See Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich.App. 194, 198-99, 480 N.W.2d 910, 912-13 (1991) (holding that a lender did not have a legal duty to exercise reasonable care in determining the plaintiffs eligibility for a loan); *see also Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832 (E.D. Mich 2010) (holding that Michigan would not impose a duty of care on lenders with respect to loan applicants).

Further, even if the lender owed a duty of care, Plaintiff has failed to allege the elements of negligent misrepresentation.  Specifically, Plaintiff has not alleged any facts tending to show that Defendants DBNTC and AHMS made any material misrepresentations during the closing.  Instead she relies on the same allegations made upon information and belief that she relies on for her fraud claim.  As noted above, such bare allegations are insufficient to state a claim under Rule 8.  *See Iqbal,* 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

## F.   PLAINTIFF HAS FAILED TO STATE A CONSPIRACY CLAIM

In Count XIV Plaintiff asserts that the Defendants conspired with one another to commit the fraud alleged in Counts X - XIII.  Because the fraud claims will be dismissed due to

19

Plaintiff's failure to plead fraud with the requisite particularity required by Rule 9, her claims of civil conspiracy must also be dismissed.  Moreover, even if Plaintiff had stated a claim of fraud, she has not stated a claim for conspiracy.  Plaintiff has not provided any facts tending to show that Argent Mortgage Company conspired with Deutsche Bank National Trust Company to commit fraud beyond bare assertions of liability.  As such, Plaintiff has failed to meet the pleading requirements of Rule 8.  *Id.*

Further, in order to state a claim for civil conspiracy, a plaintiff must allege facts showing that two or more Defendants by some concerted action engaged in a plan  "to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means."  *Temborius v. Slatkin*, 157 Mich.App. 587, 599, 403 N.W. 2d 821, 827 (1986).  Plaintiff has failed to allege that Defendants had a criminal or unlawful purpose or that they used criminal or unlawful means to accomplish a lawful purpose.  As such, Plaintiff has failed to state a claim of conspiracy.

**G**.  **PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT**

In Counts XV, XVI, and XVII, Plaintiff claims Defendant is liable under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c) ("RICO"). A Plaintiff may seek civil damages for violations of RICO when the complaint alleges: "(1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985).  In the present case, Plaintiff has not alleged a pattern of acts, or even specific acts, that satisfy the definition of "racketeering activity" under § 1961(1). *See Brown v. Cassens Transport Co.,* 546 F.3d 347, 352–56 (6th Cir.2008). Plaintiff simply asserts that the Defendants committed

20

the fraud alleged in Counts X-XIV and that they used the mail system to communicate with her and each other.  Without any factual basis, these statements are at best conclusory, and wholly insufficient to withstand a motion to dismiss. *Twombly,* 550 U.S. at 555.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to state any claim upon which relief may be granted.  Although it is the practice of this Court to provide an opportunity to amend when a plaintiff is faced with a dismissal that is readily curable, here, amendment of Plaintiff's complaint would be futile.  As discussed above, Plaintiff lacks standing to contest the foreclosure due to the expiration of the period of redemption and her remaining claims are either barred by the statute of limitations and/or are not cognizable under applicable law.  Subsequent amendment would not cure these defects.  Therefore, for the reasons stated in this opinion, dismissal of Plaintiff's complaint is warranted.  Accordingly,

IT IS HEREBY ORDERED that Defendants Deutsche Bank National Trust Company and American Home Mortgage Servicing, Inc.'s Motion to Dismiss **[Dkt. # 7]** be, and hereby, is GRANTED.  Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Complaint against Deutsche Bank National Trust Company, Trustee for Argent Securities, Inc., and American Home Mortgage Servicing, Inc. be, and hereby is, DISMISSED, in its entirety, WITH PREJUDICE.

s/Gerald E. Rosen
Gerald E. Rosen
Dated: May 25, 2012                         Chief Judge, United States District Court

21

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2012, by electronic mail and upon Darlene Elson, 23756 Philip Drive, Southfield, Michigan 48075 by ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137